UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BRANDON MCGEE                                          PLAINTIFF

VERSUS                    CIVIL ACTION NO: 5:11-CV-00080-DCB-JMR

WILLBROS CONSTRUCTION, US, LLC
D/B/A WILLBROS RPI, INC., WILLBROS
USA, INC., WILLBROS GROUP INC.,
SOUTHEAST SUPPLY HEADER, LLC,
CENTERPOINT ENERGY, INC., SPECTRA
ENERGY INC. D/B/A SPECTRA ENERGY
TRANSMISSION, L.D. AINSWORTH, DENNIS
MILLER, MICHAEL HERRING AND JOHN DOES 2-20        DEFENDANTS

## OPINION AND ORDER

This matter comes before the Court on the Plaintiff's Motion
to Remand and Memorandum in Support [docket entry nos. 25, 26] and
Defendants' Response and Memorandum in Opposition [docket entry
nos. 30, 31].  Having carefully considered the Plaintiff's Motion,
the responses thereto, applicable statutory and case law, and being
otherwise fully advised in the premises, the Court finds and orders
as follows:

### I. BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff's Complaint states that he sustained injuries on
or about December 21, 2007 while working as a welder helper for
Willbros RPI, Inc. on a natural gas pipeline in Claiborne County,
Mississippi.  The Complaint alleges that the Plaintiff was
instructed by his supervisor, L.D. Ainsworth, to crawl 250 feet
into the pipeline to grind a joint in need of repair. According to
the Complaint, the pipe in which he entered had accumulated water

due to rainfall the previous day. While he was grinding the deficient joint, Ken Perry and Josh Perry, another welder and welder helper, simultaneously heated the pipe's exterior to approximately 300 degrees Fahrenheit so that the joint could be re-welded from the inside. The Plaintiff states that the sudden increase in temperature caused steam to rise within the pipe, removing the oxygen in the pipeline. As a result, the Plaintiff lost consciousness and fell against the heated pipe, suffering serious injuries and burns.

On December 10, 2010, the Plaintiff initiated the present suit in the Circuit Court of Claiborne County, Mississippi against the following parties: Willbros Construction, US, LLC D/B/A Willbros RPI Inc. ("Willbros RPI"), Willbros USA, Inc., and Willbros Group, Inc., all incorporated in Delaware with their principal place of business in Texas; Southeast Supply Header ("SESH"), the natural gas supply line owner incorporated in Delaware with its principal place of business in Texas; Spectra Energy, Inc. D/B/A Spectra Energy Transmission ("Spectra") and CenterPoint Energy ("CenterPoint"), joint venturers in SESH each incorporated in Delaware with its principal place of business in Texas; and L.D. Ainsworth and Dennis Miller, both Louisiana residents. At the time of filing the Complaint, the Plaintiff was a resident of Tennessee. The Complaint alleges a number of state law torts premised on theories ranging from intentional misconduct to negligent breach of

duty. The Complaint also seeks unspecified compensatory damages as well as punitive damages.

On April 11, 2011, the Plaintiff amended his Complaint to add Michael Herring, a Mississippi resident, as a Defendant. The Amended Complaint states Herring "was a welder on the construction of the gas pipeline project" and had certain "duties and responsibilities" in connection with the accident. In all other respects, the Complaint was significantly unaltered [see docket entry no. 3].

Following the filing of the Amended Complaint, the Defendants filed a Notice of Removal with this Court on May 20, 2011, citing diversity jurisdiction as the basis for removal. See docket entry no. 1. In their Notice of Removal, the Defendants averred that Herring, the only named in-state Defendant, posed no obstacle to the removal action because he had not yet been served by the Plaintiff. See id. at ¶ 30. Further, the Defendants argued that even if Herring had been served, removal would still be proper because he was improperly joined. See id.; 28 U.S.C. § 1441(b).

The Plaintiff filed his Motion to Remand on June 22, 2011, claiming that this Court lacks subject matter jurisdiction to hear the case. The substance of the Plaintiff's Motion refutes the Defendants' statements that Michael Herring is improperly joined and concludes that Herring's presence in the suit defeats diversity. The Defendants, in turn, respond that Herring's

participation in the case notwithstanding, the Defendants are still diverse since not one of the Defendants is domiciled in Tennessee. The Defendants further maintain that the Plaintiff failed to raise the appropriate 28 U.S.C. §§ 1441(b) objection within the statutorily allotted time of thirty days and therefore waived his right to contest removal under that statute. See 28 U.S.C. §§ 1441(b), 1447(c). The Defendants also renew their contention that Herring had been improperly joined.

## II. ANALYSIS

### 1. Whether the Plaintiff timely raised his objection to the Defendants' removal

Federal district courts have the power to adjudicate civil actions between "citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "When jurisdiction is based on diversity, we adhere strictly to the rule that citizenship of the parties must be 'distinctly and affirmatively alleged.'" Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1998)(quoting McGovern v. Am. Airlines, Inc., 511 F.2d 653, 654 (5th Cir. 1975)). A removing defendant must prove by a preponderance of the evidence that diversity of citizenship lies. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999). But if the court finds that it properly possesses subject matter jurisdiction over state law claims based on diversity, exercise of that jurisdiction is not discretionary, and the Court may not remand the action. Cuevas v.

4

BAC Home Loans Servicing, LP, No. 10-20735, 2011 WL 3112324, at *6 (5th Cir. July 27, 2011).

An action is not removable on the basis of diversity jurisdiction, "if [one] of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought." 28 U.S.C. § 1441(b).  This exception is commonly referred to as the forum-defendant or in-state-defendant rule. In re 1994 Exxon Chemical Fire, 558 F.3d 378, 391 (5th Cir. 2009); T.B. v. Wood, No. 1:10-CV-545-HSO-JMR, 2011 WL 1827869, at *2 (S.D. Miss. May 10, 2011). It is well-settled in this circuit that the forum-defendant rule concerns not whether the district court has subject matter jurisdiction over the controversy, rather it is a procedural limitation that prevents removal of an action that would otherwise be removable on the basis of diversity jurisdiction. See, e.g., id. at 396 (5th Cir. 2009); Denman by Denman v. Snapper Div., 131 F.3d 546, 548 (5th Cir. 1998); In re Shell Oil Co., 932 F.2d 1518, 1519 (5th Cir. 1991). As such, "Whether defendants to a lawsuit are diverse, or are residents of the forum state, are two separate inquiries which are treated differently for purposes of remand." Wood, 2011 WL 1827869, at *2.

The distinction is important. 28 U.S.C. § 1447(c) provides: "A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a)."

5

(emphasis added). Thus, since lack of diversity undermines the court's subject matter jurisdiction, the parties are free to raise this issue at any time. See also U.S. v. Cotton, 535 U.S. 625, 630 (2002) ("[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived."). Conversely, as the forum-defendant rule is a procedural limitation imposed by statute, a party that wishes to contest removal on this basis has thirty days to do so. In re Shell Oil Co., 932 F.2d at 1523. Otherwise, that right is waived. Id. at 1523; see also J.C. Posey Estate ex rel. Posey v. Centennial Health Care, 78 F. Supp. 2d 554, 557 n.9 (N.D. Miss. 1999).

In order to make a forum-defendant rule objection, the plaintiff must be careful to articulate the alleged defect in a motion to remand. See 28 U.S.C. § 1447(c). Allegations that the court lacks subject matter jurisdiction will not suffice. For instance, in Denman by Denman v. Snapper Division, after the defendants removed the case to federal court, the plaintiff filed a motion to remand, arguing that remand was appropriate because of the presence of an non-diverse defendant who defeated diversity jurisdiction. 131 F.3d at 548. Similar to the present case, however, the so-called non-diverse defendant was actually a forum-defendant who was in fact diverse from the plaintiff. Id. The court held that the plaintiff failed to make the proper 1441(b) objection by contesting removal on the basis of lack of diversity. Id. at 548

6

n.2 ("[The argument that] the [in-state] defendants were not 'fraudulently joined' was insufficient to preserve his objection based on the in-state defendant rule.").[1]

In his Motion to Remand, the Plaintiff states that this Court lacks subject matter jurisdiction to hear the case. The Plaintiff's argument rests solely on his belief that Herring, as an in-state Defendant, defeats complete diversity of the parties.[2]  On its face, this assertion plainly has no merit.  The Plaintiff is a resident of Tennessee, and Herring is a resident of Mississippi. They are diverse.

Further, for the record, the Plaintiff does not argue that the amount in controversy falls short of the required statutory amount. The nature of the compensatory damages alleged, coupled with the Plaintiff's request for punitive damages, easily satisfies the requirements of 28 U.S.C. § 1332(a)(1).  Nor does the Plaintiff allege that any other Defendant's presence in the suit upsets this Court's jurisdiction. Willbros RPI, Willbros USA, Willbros Group,

---

[1] More recently, in <u>T.B. v. Wood</u> the court again confronted the question as to whether a motion for remand based on lack of diversity could operate as a forum-defendant rule objection. Citing <u>Denman</u>'s precedent, the court determined the plaintiff's contention that the defendants were not improperly joined was "insufficient to preserve an objection based on the in-state defendant rule." 2011 WL 1827869, at *2.

[2] The Plaintiff's Brief concludes: "Plaintiff has alleged valid state court claims against all named defendants, including Michael Herring who is a resident of the State of Mississippi. This case does not involve parties of complete diversity and therefore has been improperly removed."

7

SESH, Spectra, and CenterPoint are all incorporated in Delaware with their principal place of business in Texas.  Dennis Miller and L.D. Ainsworth both reside in Louisiana. Therefore, seeing that the necessary statutory amount has been met and that all Defendants are diverse from the Plaintiff, the Court finds that it has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

It appears from the substance of the Plaintiff's Motion, however, that he is attempting to challenge the Defendants' removal to this Court as a violation of 28 U.S.C. § 1441(b). In fact, in his Brief in Support he cites the right statute, 28 U.S.C. § 1441(b), for the wrong proposition--that Herring as an in-state defendant deprives this court of subject matter jurisdiction because he was properly joined.[3] It is unclear from prior precedent whether a cursory reference to the pertinent statute for support of an unrelated proposition is enough to fulfill the statute's requirement. But the Court doubts that the Plaintiff can be said to have made "a motion to remand the case on the basis [a] defect *other than* lack of subject matter jurisdiction." 28 U.S.C. § 1447(c) (emphasis added). Regardless, it not necessary for the Court to reach this issue because even if the Plaintiff had raised

---

[3] The exact language in the Plaintiff's Brief is as follows: "Section 1441(b) of Title 28 of the United States Code requires that 'none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.' 28 U.S.C. § 1441(B) (emphasis added.) This court does not have *jurisdiction* unless it can be shown that each of the residents have been fraudulently joined." (emphasis added).

the issue in a timely fashion, the Court finds, for the reasons outlined below, that Michael Herring does not belong in this lawsuit, making any reference to the in-state forum provision of 28 U.S.C. § 1441(b) moot.

## 2. Whether Michael Herring is improperly joined

The purpose of the improper joinder rule is to prevent a plaintiff from joining a non-diverse defendant in order to defeat diversity jurisdiction. Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004). The defendant is improperly joined when "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. Typically, the defendants may challenge whether an in-state defendant has been improperly joined by attacking the facial sufficiency of the complaint. Id. In some cases, however, if the court finds that the plaintiff has "omitted discrete facts that would determine the propriety of joinder," the court may, in its discretion, pierce the pleadings and consider the evidence under a summary judgment-like standard. Id.

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Rule does not require detailed factual allegations; however, the complaint must include enough factual matter to support a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544,

555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1947 (2009). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Twombly</u>, 550 U.S. at 555 (2007) (quoting <u>Papasan v. Allain</u> 478 U.S. 265, 286 (1986)).

When the court, in its discretion, undertakes the summary judgment-like approach, it must view all evidence in a light most favorable to the nonmoving party. <u>Badon v. RJR Nabisco, Inc.</u>, 224 F.3d 382, 394 (5th Cir. 2000). However, the court does not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts". <u>Id.</u> at 393-94 (quoting <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994)). If the court finds, based on the evidence before it, that there is no possibility of recovery against the defendant, the court must consider the defendant improperly joined and disregard the defendant's citizenship for jurisdictional purposes. <u>Badon</u>, 224 F.3d at 389.

Under a 12(b)(6) analysis, the Plaintiff does not plead enough facts to support a plausible claim against Herring. The Complaint alleges multiple state law causes of actions collectively against all named Defendants. According to the Plaintiff's Complaint, Michael Herring's participation in the incident consists of two

10

broad facts: (1) he was a welder on the construction project, and (2) he had duties and responsibilities in connection with the project. [see docket entry no. 3].  While the Complaint provides a fairly detailed narrative as to how his supervisor, L.D. Ainsworth, and Ken and Josh Perry, the other welders on the project, contributed to the accident, the Plaintiff does not specify what role Herring played in the accident or how Herring would be liable to the Plaintiff. In fact, Herring's name is noticeably absent from the narrative. There are insufficient facts here for the Court to reasonably infer that Herring would be liable to the Plaintiff based on the facts pled in the Complaint. Ashcroft v. Iqbal, 129 S. Ct. at 1949.

Moreover, even if the Plaintiff's Complaint had established enough facts to support a plausible claim against Herring, the Plaintiff's claim against Herring cannot survive a summary judgment-type analysis. Under the circumstances, the Court is permitted to pierce the pleadings to determine whether Michael Herring belongs in this suit. Smallwood, 385 F.3d at 573-74. The Defendants cite a number of reasons why the Plaintiff would be unable to recover from Herring. First, they claim that Herring is immune from the Plaintiff's negligence claims under the Mississippi Worker's Compensation Act. See MISS. CODE ANN. § 71-3-9; Frye v. Airco, Inc., 269 F. Supp. 2d 743, 747 n.2 (S.D. Miss. 2003) (noting that the Mississippi Worker's Compensation Act protects an

11

employee's coworkers from suit). Secondly, they argue that, even if the Plaintiff escaped the reach of the Mississippi Worker's Compensation Act by alleging that Herring committed an intentional tort against him, those claims are barred by Mississippi's one year statute of limitations for intentional torts. See MISS. CODE ANN. § 15-1-35. Finally, the Defendants contend that Herring was not present at the work site at the time of the accident.

The Court finds the Defendants' third argument most compelling. In his Motion for Remand, the Plaintiff requests that the Court grant him additional time to engage in limited discovery for the purpose of determining how Michael Herring contributed to his injuries. In their response to this Motion, the Defendants produced an affidavit from Michael Herring averring that his work on the project ceased at least twenty days before the Plaintiff's accident. Further, Herring stated that he was not at the job site when the accident occurred. The Plaintiff, as the movant, had a final opportunity to rebut the Defendants' response but failed to dispute the contents of the affidavit or offer any suggestion as to how Michael Herring could be liable when he was no longer employed with the Defendant companies and not present at the work site when the accident occurred.

Because the Plaintiff does not contest the statements made by Michael Herring in his affidavit, the Court accepts these averments as true. The Plaintiff's claim against Herring is predicated on his

belief that Herring "was a welder on the construction of the gas pipeline project" with certain "duties and responsibilities." [docket entry no. 3]. Since the Court accepts that Herring did not actively participate in the events that led to the Plaintiffs' accident, the only way Herring could be liable to the Plaintiff is if he (1) committed some unnamed error or omission that contributed to the accident or (2) had an affirmative duty to prevent the accident.

The facts in the Complaint allege the direct cause of the accident to be Josh and Ken Perry's decision to heat the outside of the pipeline while the Plaintiff was inside it. The Plaintiff also states that the Defendants breached their duty to supervise the welders and maintain a safe working environment. To find that Michael Herring, as a former welder who was not present when the accident occurred, either (1) contributed to the accident or (2) had a responsibility to keep the work site safe would go well beyond a liberal interpretation of the pleadings into pure speculation. Such a reading would subject *all* workers who performed *any* work on the pipeline to potential liability should the Plaintiff allege that they had certain "duties and responsibilities" in connection with the accident. The Plaintiff explained what role L.D. Ainsworth, Josh Perry, and Ken Perry played in the day's events. Further, the other corporate Defendants' potential basis of liability, as the Plaintiff's

employers, is not disputed in this Motion. As Herring was not present on the day of the accident and played no apparent role in the incident, the Court finds that the Plaintiff could not possibly recover from a welder who had been at the job site twenty days before the accident occurred, and therefore that Michael Herring is improperly joined in this suit.[4] See Badon, 224 F.3d at 389.

### III. Conclusion

Because the Court finds that Michael Herring is improperly joined in the present cause, his citizenship does not factor into this Court's jurisdictional determination. Id. Therefore, any reference to 28 U.S.C. § 1441(b) is inapplicable as none of the other remaining Defendants is a "citizen of the State in which [the present action] is brought." As stated above, all other Defendants named in this present suit are diverse from the Plaintiff and therefore the Court clearly possesses subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1332(a)(1).

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion to Remand [docket entry no. 25] is **DENIED**.

**IT IS FURTHER HEREBY ORDERED** that the Plaintiff's claims against Defendant Michael Herring shall be **DISMISSED** with

---

[4] The Court deems it unnecessary to address whether the Plaintiff's claims against Herring are barred by the statute of limitations or whether Herring is immune from suit under the Mississippi Worker's Compensation Act.

14

prejudice.

**SO ORDERED** this the _25th_ day of October 2011.

                                    ___/s/ David Bramlette___
                                **UNITED STATES DISTRICT JUDGE**