```
            UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   WESTERN DIVISION
```

**BRANDON MCGEE**                                              **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO: 5:11-CV-00080-DCB-JMR**

**WILLBROS CONSTRUCTION, US, LLC**
**D/B/A WILLBROS RPI, INC., WILLBROS**
**USA, INC., WILLBROS GROUP INC.,**
**SOUTHEAST SUPPLY HEADER, LLC,**
**CENTERPOINT ENERGY, INC., SPECTRA**
**ENERGY INC. D/B/A SPECTRA ENERGY**
**TRANSMISSION, L.D. AINSWORTH, DENNIS**
**MILLER, AND JOHN DOES 2-20**                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's unopposed Motion for Judgment on the Pleadings [docket entry no. 23] pursuant to Federal Rule of Civil Procedure 12(c). Having carefully considered said Motion, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. Facts and Procedural History

Plaintiff Brandon McGee initiated the present suit on December 10, 2010 in the Circuit Court of Claiborne County, Mississippi and the case was removed to this Court on May 20, 2011. Less than a month later, Willbros Construction, LLC ("Willbros") filed its present Motion. Shortly thereafter, McGee moved for remand, arguing that this Court lacked subject matter jurisdiction over the controversy, and the Court denied that Motion on October 26, 2011. See Memo. Opinion and Order, docket entry no. 34.

In his Amended Complaint, McGee claims that he sustained injuries on or about December 21, 2007 while working as a welder helper for Willbros on a natural gas pipeline in Claiborne County, Mississippi. McGee states that he was instructed by his supervisor, L.D. Ainsworth, to crawl 250 feet into the pipeline to grind a joint in need of repair. According to the Complaint, the pipe which he entered had accumulated water due to rainfall the previous day. While he was grinding the deficient joint, Ken Perry and Josh Perry, another welder and welder helper, simultaneously heated the pipe's exterior to approximately 300 degrees Fahrenheit so that the joint could be re-welded from the inside. The sudden increase in temperature caused steam to rise within the pipe, removing the oxygen in the pipeline. As a result, McGee lost consciousness and fell against the heated pipe, suffering serious injuries and burns.

McGee alleges that the Defendants "are guilty of acts and/or omissions which were intentional, willful, wanton, malicious, reckless, grossly negligent and substantially certain to cause injury." Amended Complaint ¶ 21, docket entry no 1-2. In particular, McGee states that the Defendants:

> (a) failed to warn of the substantially certain safety hazards inside and around the work area and pipeline; failed to exercise appropriate and reasonable safety precautions to keep the work area and pipeline in a safe condition for individuals such as Plaintiff; (c) sent Plaintiff into a work area with hazardous conditions existing which were substantially certain to cause injury; (d) created conditions that were known and calculated to cause Plaintiff harm; (e) failed to maintain the work area and pipeline; (f) failed to

>      adequately supervise the job site and the entities
>      working therein;(g) willfully disregarded their duties to
>      Plaintiff; (h) intentionally failed to protect Plaintiff
>      from conditions which Defendants had knowledge that were
>      substantially certain to cause injury; and (i) other such
>      intentional, willful, malicious, reckless, gross and
>      substantially certain injurious acts which shall be shown
>      at the trial of this matter.

Id.; see also id. ¶ 25 (asserting a claim for punitive damages).

Willbros now moves for judgment on the pleadings. For the purposes of its Motion, Willbros assents to the facts as they are pled in the Amended Complaint, arguing that McGee's allegations of intentional conduct are barred by Mississippi's one-year statute of limitations for intentional torts and his negligence claims fall within the ambit of the Workers' Compensation Act, which makes workers' compensation benefits his exclusive remedy. Therefore, Willbros argues that all McGee's claims should be dismissed with prejudice.

## II. Analysis

A motion for a judgment on the pleadings is appropriate only when the facts are not in dispute and all that remains to be resolved are issues of law.[1] Voest-Alpine Trading USA Corp. v. Bank of China, 142 F.3d 887, 891 (5th Cir. 1998). Accordingly, when evaluating a Rule 12(c) Motion, a district court construes factual ambiguities and any inferences therefrom in favor of the plaintiff.

---

[1] This motion can only be filed after the pleadings are closed. FED. R. CIV. P. 15(c). Willbros complied with this requirement by filing the present motion after filing its Answer to the Amended Complaint. See docket entry nos. 22, 23.

See, e.g., Brittan Commc'ns Intern. Corp. v. Sw. Bell Tel. Co., 177 F. Supp. 2d 580, 584 (S.D. Tex. 2001). Additionally, a party opposing the motion is entitled to all favorable assumptions. 5C Wright & Miller, Federal Practice and Procedure § 1368 pg. 230-237 (3d. ed.) (collecting cases). In sum, a district court will only dispose of a case pursuant to Rule 12(c) if it is abundantly clear from the facts as pled that a judgment can be rendered as a matter of law. See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2005).

*1. Whether McGee's allegations of intentional conduct are barred by the statute of limitations*

> Mississippi Code Annotated § 15-1-35 provides:
>
> All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.

This statutory provision has been interpreted to encompass other intentional acts that are substantially similar to the causes of action enumerated therein. See Childers v. Beaver Dam Plantation, Inc., 360 F. Supp. 331, 334 (N.D. Miss. 1973). Moreover, courts are not bound to accept a plaintiff's style of the cause of action and may look to the "essence of the action" to determine whether Mississippi's one-year statue of limitations applies. Id.; see also Lynch v. Liberty Mut. Ins. Co., 909 So. 2d 1289, 1292 (Miss. App. 2005). The rationale behind this approach is to prevent a plaintiff

from mischaracterizing his tort claims in an attempt to escape the statute's reach. Howard v. Wilson, 62 So. 3d 955, 955-56 (Miss. 2011) (citing Dennis v. Travelers Ins. Co., 234 So. 2d 624, 626 (Miss. 1970)).

McGee does not clearly allege that the Defendants committed any intentional torts. Instead, McGee states that the Defendants collectively "are guilty of acts and/or omissions which were intentional, willful, wanton, malicious, reckless, grossly negligent and substantially certain to cause injury." Amended Complaint ¶ 21, docket entry no 1-2. This catch-all approach to pleading, construed liberally, can arguably be interpreted as stating that the Defendants, including Willbros, acted with intent to cause him injury.

To the extent that McGee alleges that the Defendants created hazardous conditions calculated to cause him injury or sent him into the pipe with intent to cause him harm, such allegations are in essence causes of action of assault and battery, each of which must be brought within a year of when the cause of action accrued. See Howard, 62 So. 3d at 957 (stating that "[a]n assault occurs when a person '(1) acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such contact, and (2) the other person is thereby put in such imminent apprehension. . . . A battery goes one step beyond an assault in that a harmful contact actually occurs.'"

(citation omitted)). McGee initiated the present suit almost three years after he sustained his injuries, therefore, the Court finds that any allegations suggesting that the Defendants engaged in conduct with the intent to cause McGee physical harm are barred by Mississippi Code Annotated § 15-1-35.[2]

*2. Whether McGee's negligence claims are barred by the Mississippi Workers' Compensation Act*

McGee's Amended Complaint gives no indication, however, that his only recourse is the Mississippi Workers' Compensation Act. To be an eligible employer under the Mississippi Workers' Compensation Act, an employer must have five (5) or more employees. MISS. CODE. ANN. § 71-3-5. Further, the exclusivity provision of the Workers' Compensation Act applies only to employers who have obtained insurance or otherwise qualified as self-insured. MISS. CODE. ANN. § 71-3-9; Christian v. McDonald, 907 So. 2d 286, 289 (Miss. 2005). In cases where an employer fails to have insurance, a plaintiff may elect to recover workers' compensation benefits or "maintain an action at law for damages". Id.; See, e.g., McCoy v. Cornish, 71

---

[2] Willbros suggests that perhaps McGee stated facts to support the cause of action of maiming, which it reasons is a form of aggravated battery. See Willbros's Memo., docket entry no. 24 (citing Black's Law Dictionary). The Mississippi Supreme Court has not defined the elements of the common law tort of maiming; however an element of the statutory crime of DUI maiming is death, mutilation, or disfigurement. MISS. CODE ANN. § 63-11-30(5); see also McCollum v. State, 785 So. 2d 279, 284 (Miss. 2001). The Amended Complaint does not allege that the Defendants intended to cause McGee's death or disfigurement, but even if it did, this cause of action would be barred by the statute of limitations. MISS. CODE ANN. § 15-1-35.

So. 2d 304, 308 (1954). The Court has carefully reviewed the pleadings and has found no evidence that Willbros has five (5) or more employees or "has secured payment of compensation." M<span>iss</span>. C<span>ode</span>. A<span>nn</span>. § 71-3-9. Even though the Court accepts McGee's factual assertion that Willbros was his employer at the time of the incident, it may not further infer that Willbros is covered by the Workers' Compensation Act. Therefore, the Court cannot conclude that workers' compensation benefits are McGee's exclusive remedy.

### III. Disposition

To the extent that McGee's causes of action are substantially similar to assault and battery, the Court finds those claims barred by the statute of limitations. The Court, however, does not find that McGee's sole remedy arises under the Mississippi Workers' Compensation Act because the pleadings do not demonstrate that Willbros is a qualified employer under the Act.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's Motion for Judgement on the Pleadings is **GRANTED** in part and **DENIED** in part.

**SO ORDERED AND ADJUDGED,** this the 27th day of December, 2011.

/s/ David Bramlette

**UNITED STATES DISTRICT JUDGE**